## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

      Plaintiff,

v.                                        No. CV 13-1037 JH/KBM

THE CITY OF ALBUQUERQUE, NEW MEXICO,
ALBUQUERQUE POLICE OFFICERS DAVID
FOX, MATTHEW VOLLMER,
KEITH SANDY, ADRIAN MONTOYA, ERIK MEEK,
SARGENT JHOH SULLIVAN, SARGENT JASON
PECK (INDIVIDUAL CAPACITIES),

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint.   Plaintiff also filed two Motions for Leave to Amend his Complaint (Docs. 5, 10).   These motions will be granted. The proposed amended complaint attached to his second motion supersedes the original, *see Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998), and will be entered on the docket and treated herein as Plaintiff's Complaint.   Also before the Court are Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 ("IFP") (Doc. 2) and Motion/Request (Doc. 11).   Plaintiff is incarcerated and appears pro se.   The Court will grant the IFP motion and, for reasons below, will dismiss certain of Plaintiff's claims.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."   The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on

the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).   A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint in this action is based on the same events that gave rise to Plaintiff's earlier complaint in *Cunningham v. City of Albuquerque New Mexico, et al.*, No. CV 12-1052 JH/LAM. Plaintiff alleges that on December 21, 2011, Defendants Fox and Sandy, Albuquerque Police officers, searched Plaintiff's motel room without a warrant or consent.   Defendants seized nothing, but returned on December 19 with a warrant.   Defendant Sandy allegedly injured Plaintiff during the second search by using excessive force, and, based on items seized, Plaintiff was arrested, charged, and prosecuted for drug trafficking.   In his amended pleadings, Plaintiff now alleges that charges against him have been dismissed, though he presents no documentary support for this allegation.[1]   He remains incarcerated, apparently on a separate conviction. Plaintiff contends that Defendants' actions violated his state and federal constitutional protections against unreasonable search and seizure.   He also asserts claims that the criminal proceedings violated his due process rights and amounted to malicious prosecution, abuse of process, and false imprisonment.   For relief, the complaint seeks damages and certain equitable relief.

No relief is available on Plaintiff's excessive force claim, which was adjudicated in his

---

[1] Attached to Plaintiff's first motion to amend (Doc. 5) is a Memorandum Opinion of the New Mexico Court of Appeals ruling in a criminal case against Plaintiff's alleged co-defendant.   The opinion makes no reference to Plaintiff's criminal case.

earlier action.  *See Cunningham v. City of Albuquerque New Mexico, et al.*, No. CV 12-1052 JH/LAM (D. N.M. Oct. 15, 2013).   Plaintiff makes no assertion that this Court's resolution of his excessive force claim has been questioned in subsequent proceedings.   This claim, including his request for equitable relief, is therefore barred by the doctrine of *res judicata* and will be dismissed.

Nor does Plaintiff's complaint state claims for relief under 42 U.S.C. § 1983 against Defendants City of Albuquerque, Vollmer, Montoya, Meek, Sullivan, or Peck.  The complaint contains no allegations affirmatively linking any of these Defendants to the asserted constitutional violations.   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) ("We hold that the affirmative link . . . must be alleged in the complaint as well as proven at trial.").   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of subordinates or co-workers.  *See id.* "[T]o present a plausible right to relief . . . ., it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).   The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's Motions for Leave to Amend Complaint (Docs. 5. 10) are GRANTED; and the Clerk is directed to enter the complaint attached to Doc. 10 on the docket as an Amended Complaint with a filing date of February 13, 2014;

IT IS FURTHER ORDERED that Count V of the Amended Complaint is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants City of Albuquerque, Vollmer, Montoya, Meek, Sullivan, and Peck are DISMISSED; and Defendants City of Albuquerque, Vollmer, Montoya, Meek, Sullivan, and Peck are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the Amended Complaint, for Defendants Sandy and Fox;

IT IS FINALLY ORDERED that Plaintiff's Motion/Request (Doc. 11) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE