IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS W. CUNNINGHAM,

    Plaintiff,

v.                                                            CIV 13-1037 JCH/KBM

ALBUQUERQUE POLICE OFFICERS
DAVID FOX AND KEITH SANDY
(INDIVIDUAL CAPACITIES),

    Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel *(Doc. 16)*. Plaintiff has no constitutional right to counsel in this matter, nor is counsel automatically appointed upon request. *See, e.g., Parker v. Bruce,* 109 F. App'x 317, 321 (10th Cir. 2004). In considering whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

As an initial matter, Plaintiff fails to identify any steps that he has taken to secure counsel in this matter. The Court further finds that Plaintiff has demonstrated an ability

-2-

to set forth his claims and the allegations in support of those claims with sufficient clarity to enable the Court to proceed in the absence counsel's assistance.  Because the issues presented are straightforward and are not unduly complex, Plaintiff's request for appointment of counsel is unwarranted at this time.  *See, e.g., Hoffman v. Martinez,* 92 F. App'x  628, 633-34 (10th Cir. 2004).

Wherefore,

**IT IS HEREBY ORDERED that** Plaintiff's motion *(Doc. 16)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE